**William CRAUSMAN**

v.

**BLUE CROSS & BLUE SHIELD of Rhode Island.**

No. 88–95–A.

Supreme Court of Rhode Island.

Nov. 2, 1989.

Fran Robins–Liben, Providence, for dependent.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on the plaintiff's appeal from a judgment of the Superior Court. We affirm judgment for the defendant.

The plaintiff, William Crausman, filed a complaint on April 8, 1987 in the Third Division District Court, alleging that defendant Blue Cross & Blue Shield of Rhode Island (Blue Cross) had refused to pay for services rendered to plaintiff's patient, a Blue Cross subscriber. The plaintiff's motion for summary judgment was granted, and Blue Cross filed an appeal in the Kent County Superior Court on May 6, 1987.

A trial began on December 1, 1987, in the Superior Court. Evidence at trial showed that plaintiff was a mental-health-care provider and had submitted bills to Blue Cross for thirty-four psychotherapy treatments provided to the subscriber. Under the provisions of the contract between Blue Cross and the subscriber, Blue Cross would reimburse the subscriber for 50 percent of the "eligible charges" for mental-health services. As a provider of services, plaintiff was required to submit treatment reports regularly to Blue Cross. After reviewing plaintiff's bill and treatment reports, Blue Cross only paid for the first sixteen treatments. In addition, Blue Cross concluded that the

eligible charge for each session was $45 rather than $70 as billed by plaintiff. Consequently Blue Cross paid plaintiff approximately $20 for each treatment.

The trial justice entered judgment in favor of Blue Cross on December 2, 1987. The court found that Blue Cross had not breached the subscriber's contract and that it was questionable whether plaintiff had standing to bring suit. The trial justice concluded that there was no evidence of damages because plaintiff reserved the right to bill the patient directly for the balance of the bill that Blue Cross had not paid. The court also determined that Blue Cross had properly refused to pay for eighteen treatments, relying both on plaintiff's failure to submit timely treatment reports and the patient's refusal to cooperate with plaintiff.

The plaintiff filed an appeal to this court on December 21, 1987. The basis of plaintiff's appeal appears to be his contention that the trial justice unreasonably limited questioning of a witness, abused his discretion in qualifying an expert, excluded relevant evidence, and erroneously concluded that plaintiff neither had standing nor could prove damages. After plaintiff had filed his brief, defendant invoked Rule 16(g) of the Supreme Court Rules of Appellate Procedure, asking that the judgment below be affirmed.[1]

Pursuant to Rule 16(g) this court will affirm the judgment of the trial court if the issues raised on appeal are controlled by settled law, the basis of the appeal is a matter of judicial discretion and there was no abuse, or there was sufficient evidence to support the decision. In this case our granting of the motion to affirm is entirely appropriate. The actions of the trial justice in qualifying expert witnesses, excluding immaterial evidence, and limiting the scope of examination were within the trial justice's discretion and we see nothing in

---

1. Rule 16(g) of the Supreme Court Rules of Appellate Procedure provides in part:
   "The sole ground for such motion shall be that it is manifest on the face of the appellant's or other moving party's brief that the appeal is unquestionably without merit because (1) the issue on appeal is clearly con-

trolled by settled Rhode Island law; (2) the issue on appeal is factual, and clearly there is *sufficient evidence to support the jury verdict,* decision on the motion for new trial or the findings of fact below; or (3) the issue on appeal is one of judicial discretion, and clearly there was no abuse of discretion below."

the record that would constitute an abuse of that discretion. *Lacey v. Edgewood Home Builders, Inc.*, 446 A.2d 1017 (R.I. 1982) (competency of an expert to testify is within discretion of trial justice); *Kelaghan v. Roberts*, 433 A.2d 226 (R.I.1981) (trial justice has discretion in admitting evidence); *State v. Vargus*, 118 R.I. 113, 373 A.2d 150 (1977) (examination of witness is within sound discretion of court). In addition, dismissal of the appeal is correct because the trial justice's decision was well supported by the evidence presented at trial. *See Tarro v. Tarro*, 485 A.2d 558, 565 (R.I.1984).

For these reasons the defendant's motion to affirm is granted, and the papers of the case are remanded to the Superior Court.

WEISBERGER and MURRAY, JJ., did not participate.